Next case on our calendar, which is Sunoco v. an address on Horace Harding Blvd. Okay, appellant. Good afternoon, Your Honors. My name is Kenneth Robinson of Robinson & Associates. I represent the Appellant 175-33 Horace Harding holding Realty Corp. In our appeal, we're going back to the District Court's first decision on this matter, which was her ruling that my client breached an agreement of sale with Sunoco, where it purchased the gasoline station in Flushing. Sunoco had owned the station for many years. My client had been the tenant. We bought the station. There was a provision that talked about what to do about the contamination. Let me interrupt you because we have the background. I'm sorry. What I think your argument hinges on is somehow convincing the District Court that the Envirodyne analysis was incorrect. Not that the Envirotrack, I'm sorry, was incorrect because the judge, in finding that we were liable under the breach of contract, found that there had been what the phrase is a new release of gasoline. So we bought the station in May of 1999, and she found that there had been a new release of gasoline. Well, in summary judgment, did the court find that there was a new release or did the court find that Envirotrack thought there was a new release? Well, I think that's the nutshell of why we think the summary judgment argument was incorrect because in one part of her decision, she writes that whether there was a new release or not is a material issue of fact. A material issue of fact with respect to the Navigation Act claim, but with respect to the contract claim, I read the summary judgment opinion as saying that the contract contains a dispute resolution mechanism which basically refers the matter to an environmental consultant selected by the parties. There was such a consultant selected. That consultant decided there was a new release, and therefore under the contract, you were obliged to take responsibility for that. Then she said, but they also have this claim under the Navigation Act, and as to that, it's a disputed issue of fact because I may not agree with the environmental consultant, and that claim requires that I find that there's a new release. Am I wrong in my interpretation of the summary judgment opinion? The problem with that had, we had argued that the district court shouldn't accept the EnviroTrack report as evidence of a new release for the breach of contract claim, and in fact, Sunoco. But you see, the point is, are you disputing that the contract makes it not just evidence, makes it conclusive that it's referred to the agreed upon environmental consultant to decide who pays? Do you dispute that that's what the contract means? That the contract had to determine, that EnviroTrack had to make a determination as to whether there was a new release, and the district court specifically said that she could not find whether there was a new release. I think you're not, maybe I'm not making myself clear. Her interpretation of the contract was that it was conclusive that EnviroTrack said there was a new release, that therefore, for purposes of the breach of contract claim, she did not need to determine whether, in fact, she would make a finding by a preponderance of the evidence after a trial that there was a new release, because that's a disputed issue of fact. But it's not a disputed issue of fact, is it, that EnviroTrack thought there was a new release. Is that a disputed issue? Is it disputed whether EnviroTrack said there was a new release? No, EnviroTrack did, yes. They did find that. That there was a new release. And are you disputing that as a matter of interpretation of the contract, EnviroTrack's determination is conclusive, and under the contract, you are then supposed to pay? Yes, that's, the issue is that the Sunoco itself said, we're not relying upon the EnviroTrack report for that determination, and we argued that it shouldn't have been accepted as an expert report, and everybody agreed with us. That's got to do with at the trial. What I'm going back to is, under the contract, whether EnviroTrack was good, bad, indifferent, sloppy, good experts, bad experts, got it right, got it wrong, the contract says that you refer this to an agreed-upon consultant, which EnviroTrack was, and the answer that it finds determines who pays. Is that not what, that's what the district court said the contract meant, right? Yes, that's what the district court said what the contract meant. And do you argue anywhere in your brief to us that that is not what the contract says? No, what we do argue is that under the standard for summary judgment is, the court should not have granted summary judgment on that issue. Let's suppose Sunoco had never brought a Navigation Act claim, never brought it, just sued for breach of contract. You would have lost that on summary judgment based on the consultant's report, and you'd have no defense to that, would you? Yes, because the consultant's report, the contract, if we go back to the contract, the contract talked about was there a new release, how much was the new release, what were the additional costs of remediation that were marked. If there had only been a breach of contract claim, no Navigation Law claim, you would have lost summary judgment on that breach of contract claim. Isn't that right? I don't believe so because the contract called for the consultant, not just simply to say whether there was a new release, but it said how much was there a new release. You would have lost on liability. It would have been found on summary judgment that there's a new release, and that fact would have been established if there was only a breach of contract claim. Isn't that right? If there was just a breach of contract claim, it still should not have been decided on summary judgment. There should have been testimony taken. Why wasn't the consultant's report conclusive as to liability, as to liability only on the breach of contract claim? Because the consultant's report was subject to an interpretation of how much, because it wasn't just whether there was a new release as to how much the consultant did not do what the consultant was supposed to do. In fact, the consultant came up with certain allocations of responsibility, which at the bench trial it was agreed that that was not part of the contract. The allocation of liability was something that counsel for Sun had asked for EnviroTrack. So the EnviroTrack went well beyond. You just told us that the consultant was required to allocate a cause and effect, the cause of the new release. The consultant was supposed to say how much was the new release and what were the additional costs of contamination. The consultant didn't do that. The consultant didn't say five additional gallons had been released, 10 gallons had been released. They used a methodology to make a reasonable approximation of that, right, based on its understanding of what the contamination looked like. But that's what we're assuming that EnviroTrack did. But by granting some re-judgment to Sunilco at that point, we weren't able to bring that out before the issue of contractuality. Why is this whole thing not mooted? Because there was a trial, and there was a determination by the district court as a matter of fact that there was a new release, and the district court then made its own analysis and reached its own findings. So why doesn't that solve everything? Because the district court made the determination as to new release under the navigation law, and Sunilco chose that they were only going to proceed in terms of damages for the contract. So since we're fighting about the dollars that were awarded for contract, we have to go back to the initial determination as whether they were liable. And what's the difference between the two sums? Yeah, there was a difference between the two amounts. Yeah, what is the difference between the two amounts? There were a couple hundred thousand dollars between the two amounts. And we can't settle that one. You can't go away and have a conversation. And if the only difference is that they opted for contract damages and you're conceding the Navigation Act claim, then that should be workoutable. But put that aside for a moment. Under the Navigation Act claim, is there something that the district court did that is clearly erroneous? That they did that was clearly erroneous? Yeah. No. So you're saying the district court's fact findings with respect to the Navigation Act claim have to be upheld? Yeah. We're going back to the point that at the time the bench trial was held, the bench trial never should have been started with, A, you're already liable under the contract. So we never should have gotten. What difference does the how did that affect the trial? I mean, you still got to contest whether, as a factual matter, there was a new release and what the extent of the damages from the new release was. Right? At the trial. At the trial, yes. But as we ended up with, since we're only fighting about contract damages, it does make a difference that when we started the trial, we were already liable under the contract. So what we're fighting about, in fact, is only the difference between the Navigation Act claim and the contract claim? They opted for the higher damages, and you're conceding to us that you're liable for the lower amount of damages? No, I'm not conceding that we're liable for the lower amount. You're not conceding that. Then what is clearly erroneous or erroneous as a matter of law in any other way about the Navigation Act claim? Because the issue of the findings under the Navigation Law are not on appeal. We didn't appeal that. Sanocco didn't appeal. The issue on appeal has to do with the breach of contract, and there were several peripheral issues in terms of the law. that the district court found on the Navigation Act claim or not? No, we're not conceding because Sun did not choose to proceed with those damages. Isn't that conceding? They were given an election of which amount do you want to take, and it could be different because there are differences with respect to attorney's fees and other kinds of claims that could have been in there. They picked one rather than the other. So you're saying the Navigation Act, if the contract claim is wrong, you don't have to pay anything, even though you were found liable under the Navigation Act. Is that your argument? No, that we never should have the bench trial should never have started with us already being liable. And how were you prejudiced in dealing with the Navigation Act claim by the finding that you were liable on a completely different theory that you were expecting to appeal and win on later on? Because then we could have determined, then we could have attacked the EnviroTrack report as to whether or not they did what they were supposed to do. And we would have shown that their report could not and should not have been the basis for a breach of contract determination. But we could not. In other words, by the time we got to trial, the issue as to the EnviroTrack report's determination of contract liability had already been determined. So as a result, we were not able to go after that report and show... Didn't you have an opportunity to question the EnviroTrack report? Excuse me? Didn't you have an opportunity to question the EnviroTrack report before the decision on liability was made? We had depositions. But before a summary judgment was made, there was no hearing as to where EnviroTrack took the witness stand. But you had there written testimony, and you had written testimony against what EnviroTrack proposed, did you not? Yes, we put in an expert affidavit as to the issues which we felt were wrong with the EnviroTrack report. Correct, yes. So you lost that issue. The district court didn't believe your expert. Is that correct? Yes, and they didn't believe our issue. And it's interesting, the first case I think that was argued, the counsel talked about the standard on summary judgment. If you go back to the district court's decision on summary judgment, every statement that was said concerning whether there was a new release, what happened after we bought the property, every inference was given to the benefit of Sunoco. And in this case, despite EnviroTrack's findings, nobody was ever able to point to one instance where there was actually a spillage of gasoline after my client bought the property. Why isn't there a circumstantial inference from the fact that there are regular soil samples being taken, and the soil samples show basically something consistent for year after year after year, and then suddenly in 2002, after your client is there, there's a much bigger contamination? Why isn't that an adequate basis for the judge to make a factual finding that a new spill had taken place? There's no requirement that the district court find or that Sunoco prove exactly which valve leaked or on what day that discharge took place if there's a basis for finding that a new discharge had happened somehow in 2002. On summary judgment? No, no, no. I'm talking about a trial. On summary judgment, it's a whole different issue, but I think we just don't see eye to eye on what the issue was at that stage of the case. I mean, the issue there was what did EnviroTrack decide, whether it's right, wrong, or indifferent? And that's what we should have been able to have a hearing about well before summary judgment onto liability was issued. All right. Thank you. Thank you. No rebuttal? Henry Reitner for Sunoco. I have a question for you. Thank you. Why didn't you move to confirm EnviroTrack's decision under the FAA? I don't believe we considered it an arbitration proceeding as such. What's our standard of review of it then? Well, the standard of review under New York law is when the parties agree to have a dispute settled by a neutral third party, that decision is binding absent a showing of bad faith or fraud or the failure to exercise honest judgment. And that was cited by the district court, and I don't believe that issue has actually been argued on appeal and is therefore waived. But the reality is there was no such evidence of bad faith or fraud or failure to exercise honest judgment by EnviroTrack when it determined that there was a new release. My second question is why did you have to elect between the statutes? I understand you couldn't get the same recovery twice, but if there's some elements that your breach of contract claim has and some elements that the statute has that are non-duplicative, why couldn't you take them all? The answer to that is I hadn't really thought of it that way. We were given the choice by the court, and we were happy to take the one, the contract claim. We felt that the navigation law had a statute of limitations issue, which reduced the amount of damages. Obviously the upside on the navigation law was attorney's fees. But to directly answer your question, I guess I don't have a good answer to that. Continue. Happily. I'll just note, I think you hit it on the nail, the liability determination at summary judgment, let's put aside the mootness question because you actually had a trial. It was undisputed we had a contract. It was undisputed that the parties went through the process of appointing a neutral third party. It was undisputed that the neutral third party determined that there was a new release. It's undisputed that there was never any claim that that determination was made in bad faith, or with fraud, or the failure to exercise honest judgment. Who made the allocation then as to how much of the damages were attributable to the new release? Is that something that EnviroTrack did, or is that something that the district court did at trial? Initially, EnviroTrack did by using this massive contribution approach. The district court wasn't quite clear whether that was appropriate. She also noted that there was one other approach that the EnviroTrack report mentioned. She wanted to have a trial that involved that. When we came to the trial, we put on the EnviroTrack person who explained why he went down that road, why it was effectively the equivalent of determining what the increased amount of responsibility was due to the new release. We had an expert testify that this is an appropriate methodology. What did the district court then . . . the district court then accepted that methodology? Absolutely, and did it for the navigation law claim as well. As I hear today, they don't dispute the allegation on the navigation law claim, so they certainly can't dispute it on the contract claim on appeal. I don't want to snatch anything from the jaws of whatever. I'm happy to sit down if there are no further questions. Have you tried to settle this case? We were in the . . . yes, several times in the district court and then in the mediation process of this court. I regret to report we were not and do not seem to be able to. Thank you. Thank you. Thank you. No time for rebuttal was requested. That concludes the argument portion of our calendar. The last case is on submission. I will ask the clerk to adjourn court. Court is adjourned.